In the Matter of the Claim of JOSEPH M. BINNS, Appellant. EDWARD CORSI, as Industrial Commissioner, Respondent.

Third Department, May 5, 1948.

*Joseph M. Binns,* appellant in person.

*Nathaniel L. Goldstein, Attorney-General,* for respondent.

Russell, J. This is an appeal by the claimant from a decision of the Unemployment Insurance Appeal Board, dated October 14, 1947, which affirmed the decision of an unemployment insurance referee, holding that claimant was ineligible to receive unemployment insurance benefits because he did not have qualifying wages in the applicable base year, and sustaining the initial determination made by the Industrial Commissioner.

The claimant is a statistician and investment counselor.

Since this proceeding rests upon statutory periods of time it is necessary to state a few statutory definitions at the beginning.

" Base year " means the calendar year immediately preceding the beginning of a benefit year. (Labor Law, art. 18, § 520.)

" Benefit year " means the period from the first Monday falling in the month of June of each calendar year to and including the Sunday which follows the last Monday falling

in the month of May of the next calendar year. (Labor Law, art. 18, § 521.)

In this proceeding the benefit year commenced on June 3, 1946, and ended on Sunday, which was June 1, 1947. The base year, therefore, was the calendar year of 1945.

" Effective day " means a full day of total unemployment provided such day falls within a week in which a claimant had four or more days of total unemployment and provided further that only those days of total unemployment in excess of three days within such week are deemed " effective days ". (Labor Law, art. 18, § 523.)

A " week " means seven consecutive days beginning with Monday. (Labor Law, art. 18, § 524.)

The claimant here had sufficient earnings in the base year 1945 to qualify him for benefits in the benefit year, which was from June 3, 1946, to June 1, 1947. He did not file his claim until May 26, 1947. In order to qualify himself for benefits under claim filed May 26, 1947, there must be added eight days, namely, a waiting period of four effective days and an accumulation of four effective days in order to receive payments, which four effective days for payments begin after the waiting period.

" Waiting period. A claimant shall not be entitled to accumulate effective days for the purpose of benefit payments until he has accumulated a waiting period of four effective days within any one benefit year." (Labor Law, art. 18, § 591, subd. 2.)

" Compensable periods. Benefits shall be paid only for each accumulation of four effective days which need not be consecutive." (Labor Law, art. 18, § 590, subd. 3.)

In this proceeding the claimant's waiting period of four effective days added to May 26, 1947, was evidently within the benefit year of 1946–1947. These four effective days fell in the week from the date of filing May 26, 1947, to and including Sunday, June 1, 1947, which was the last statutory week in the benefit year 1946–1947. Since a claimant cannot accumulate effective days for the purpose of benefit payments until he has obtained a waiting period of four effective days, then it is plain that the four effective days which would be accumulated for benefit payments carried his period into the next benefit year which began June 2, 1947. He, therefore, filed his claim too late for the benefit year of 1946–1947.

Since the next benefit year began on June 2, 1947, the base year was the calendar year of 1946. The claimant had no earnings in his base year of 1946, because of illness.

The claimant further contends that the beginning of a new benefit year (which in this case would be June 2, 1947) is not

intended to deprive a claimant of benefits who was qualified in the previous benefit year during a period of total unemployment. When he states " who was qualified in the previous benefit year," he evidently means the benefit year 1946–1947. To support this contention he relies upon former subdivision 1 of section 504 of the Labor Law (L. 1938, ch. 265 as amd.). Subdivision 1 of former section 504 of the Labor Law provided in part, " There shall be no interruption of benefit payments by a waiting period during a continuing period of total unemployment because of the beginning of a new benefit year." Relying upon this section the claimant contends that since he filed his claim in the 1946–1947 benefit year, during which year he was eligible for benefits, and since he accumulated the required waiting period in that year, he should be eligible for benefits for the 1947–1948 benefit year which began on June 2, 1947, based upon his 1945 earnings. This contention is unsound because subdivision 1 of former section 504 was repealed by chapter 705 of the Laws of 1944 and amended by chapter 646 of the Laws of 1945 and superseded by subdivision 3 of section 591, chapter 646 of the Laws of 1945, which reads as follows: " 3. Transition between benefit years. Any effective day which occurs in the last week of a benefit year and which is not in excess of the maximum number of such days for which claimants are entitled to receive benefits in that year shall be counted towards the waiting period required within the next benefit year, even if the claimant would not have been eligible to receive benefits in the first of such benefit years because of insufficient qualifying wages in the applicable base year."

The only benefit that could be gained by subdivision 3 of section 591 was a credit of the waiting period for the next benefit year which was 1947–1948. However, former subdivision 1 of section 504 would not apply to this case, even if presently in effect, since that section contemplated a situation where a claimant was receiving benefits in the old benefit year and was also eligible to receive them because of sufficient earnings in the base year applicable to the new benefit year. The claimant was ineligible for benefits during the new benefit year 1947–1948, because he had no qualifying wages in the base year 1946. Therefore, the credit of the waiting period was of no effect.

The decision of the Unemployment Insurance Appeal Board should be affirmed.

HILL, P. J., HEFFERNAN, BREWSTER and FOSTER, JJ., concur.

Decision of the Unemployment Insurance Appeal Board affirmed, without costs.